IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION FILE NO.: |
| v. | ) ) ) | _____ |
| MERRITT & TENNEY, LLP; MERRITT WATSON, LLP; JAMES F. TENNEY; ELAINE PELTON and DEAN PELTON, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Hartford Fire Insurance Company ("Hartford") and files this Complaint for Declaratory Judgment, showing the Court as follows:

### PARTIES

1.

Hartford, plaintiff herein, is incorporated under the laws of Connecticut with its principal place of business in Connecticut. Hartford seeks a declaration of coverage obligations owed under a liability insurance policy.

2.

Merritt & Tenney, LLP ("M&T"), a defendant herein, is a partnership organized under the laws of Georgia with its principal place of business in Cobb County. All of its partners reside in Georgia. M&T seeks coverage from Hartford.

3.

Merritt Watson, LLP ("MW"), a defendant herein, holds itself out as a partnership organized under the laws of Georgia with its principal place of business in Cobb County. All of its partners reside in Georgia. On information and belief, MW was formed on July 1, 2010 as a successor partnership to M&T. MW seeks coverage from Hartford.

4.

James F. Tenney ("Tenney"), a defendant herein, is a resident of Georgia. Tenney seeks coverage from Hartford.

5.

Elaine Pelton and Dean Pelton, defendants herein, are residents of Georgia. These defendants have asserted claims against M&T, MW and Tenney. They are properly named so they will be bound by the coverage rulings of this Court.

## JURISDICTION AND VENUE

6.

There is complete diversity of citizenship between plaintiff and defendants.

7.

The amount in controversy exceeds $75,000.  See settlement demand attached as Exhibit A.

8.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

9.

Venue exists in this Court under 28 U.S.C. § 1391(a).

10.

There is an actual controversy over insurance coverage such that this Court may declare the rights and obligations of Hartford pursuant to 28 U.S.C. § 2201.

## UNDERLYING LAWSUIT

11.

On or about July 27, 2010, Elaine Pelton and her husband Dean Pelton sued M&T, MW and Tenney in the State Court of Cobb County where it was assigned

Civil Action No. 10-A-7442-5. A true and complete copy of the Complaint is attached hereto as Exhibit B.

12.

In the complaint, Elaine Pelton alleges that she was employed as a secretary by M&T when she discovered that Tenney, a partner of M&T, had placed a camera under her desk. She claims the placement of the camera was illegal and an unlawful touching that has caused her mental stress and anguish. Dean Pelton claims loss of support, services and companionship as a result of Elaine Pelton's alleged injuries.

13.

The Peltons contend that M&T and MW are liable under agency principles for Tenney's actions and for wrongful hiring, training, retaining and supervising Tenney and the employees and for failing to provide a safe and congenial workplace. They seek compensatory and punitive damages against M&T, MW and Tenney as well as recovery of legal expenses.

14.

Hartford agreed to defend M&T and MW under a reservation of rights by a letter setting forth terms. In response, M&T and MW have agreed to a defense

under a reservation of rights. True and complete copies of Hartford's reservation of rights letter and the response are attached as Exhibits C-1 and C-2.

15.

Hartford has denied coverage to Tenney. A true and complete copy of Hartford's disclaimer letter is attached as Exhibit D.

## INSURANCE POLICY PROVISIONS

16.

M&T, MW and Tenney tendered the Peltons' complaint to Hartford under insurance policy number 20 SBA TE1805 issued to M&T as the named insured for the period July 1, 2009 to July 1, 2010. A true and complete copy of the policy is attached as Exhibit E.

17.

The policy includes M&T's partners as insureds "but only with respect to the conduct of [M&T's] business."

18.

The policy defines "insured" to include organizations that M&T acquires or forms "other than a partnership, joint venture or limited liability company and over which [M&T] maintains financial interest of more than 50% of the voting stock … if there is no other similar insurance available." Coverage is not afforded,

5

however, for "bodily injury" or "property damage" that occurred before M&T acquired or formed the organization or for "personal or advertising injury" that arises out of an "offense" committed before M&T acquired or formed the organization.

19.

The Business Liability Coverage Form of the policy provides as follows:

> [Hartford] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. [Hartford] will have the right and duty to defend the insured against any "suit" seeking those damages. However [Hartford] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply

20.

To be covered by the policy, "bodily injury" or "property damage" must occur during the policy period and be caused by an "occurrence" which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

21.

The terms "bodily injury", "property damage" or "personal and advertising injury", "bodily injury" are defined as follows:

5.  "Bodily injury" means physical:

a. Injury;
b. Sickness; or
c. Disease

Sustained by a person and, if arising out of the above, mental anguish or death at any time.

\* \* \*

20. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

17. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

7

e. Oral, written or electronic publication of material that violates a person's right of privacy;

f. Copying in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

g. Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

h. Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

22.

The Policy provides that the insurance does not apply to the following types of claims:

a. **Expected Or Intended Injury**

(1) "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or

(2) "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

\* \* \*

### e.  Employer's Liability

"Bodily injury" to:

(1) An employee of the insured arising out of and in the course of:

>(a) Employment by the insured; or

>(b) Performing duties related to the conduct of the insured's business.

(2) The spouse, child, parent, brother, or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1)   Whether the Insured may be liable as an employer or in any other capacity; and

(2)   To any obligation to share 'damages' with or repay someone else who must pay 'damages' because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

\* \* \*

### p. "Personal and advertising injury".

(3) Arising out of a criminal act committed by or at the direction of the insured;

\* \* \*

(15) Arising out of discrimination or humiliation committed by or at the direction of any "executive

officer", director, stockholder, partner or member of the Insured.

\* \* \*

**r. Employment-related Practices Exclusion**

"Bodily injury" or personal and advertising injury" to:

(1) A person arising out of any:

**(a)** Refusal to employ that person;
**(b)** Termination of that person's employment; or
**(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at the person, or

(2) The spouse, child, parent, brother or sister as a consequence of "bodily injury" or "personal and advertising injury" to the person at whom any of the employment-related practices described in Paragraphs (a), (b), or (c) above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

## ADDITIONAL ALLEGATIONS

23.

On information and belief, Tenney was a partner of M&T at the time of the incident that is alleged to caused harm to the Peltons.

24.

Tenney has been arrested for the crime of unlawful surveillance as a result of the conduct at issue in this case.

25.

Neither Elaine Pelton nor Dean Pelton seek damages for "bodily injury," "property damage" or "personal and advertising injury" as those terms are defined by the policy.

26.

The injuries alleged by the Peltons were caused by Tenney's intentional conduct and not by an "occurrence" as that term is defined by the policy.

27.

Placing a camera in the manner alleged by the Peltons would be expected or intended to cause injury.

28.

Coverage is excluded for "personal and advertising injury" arising out of humiliation committed by or at the direction of a partner of M&T.

29.

Coverage is excluded for any "personal and advertising injury" that arises out of criminal activity of the insured

30.

Coverage is excluded for any "bodily injury" that Elaine Pelton sustained as an employee of the insured.

31.

Coverage is excluded for any "personal or advertising injury" that Elaine Pelton sustained that falls within the "Employment-Related Practices" exclusion.

32.

MW is not an insured under the policy if it was formed after the conduct at issue in this case that gave rise to the Peltons' claims; if it was not in existence during Hartford's period of coverage; or if it does not meet the definition of an "insured" under the policy.

33.

Coverage is not afforded for liability due to personal conduct outside the business of M&T.

## RELIEF SOUGHT

34.

Based on all the terms, conditions, and exclusions in the policy (whether expressly mentioned or identified in this Complaint or not), as well as under relevant legal principles and public policy concerns, Hartford seeks a declaration as to its obligations to defend and/or indemnify the claims asserted in the underlying lawsuit.

WHEREFORE, Hartford prays that the Court:

(a)   Declare that Hartford owes no duty to defend or indemnify the claims asserted in the underlying lawsuit;

(b)   Award other and further relief as is just and proper; and

(c)   Convene a jury to resolve all issues so triable.

*[Signature on following page]*

Respectfully Submitted,

**FREEMAN MATHIS & GARY, LLP**

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836

Attorney for Plaintiff Hartford Fire Insurance Company

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: 770-818-0000
F: 770-937-9960
E: psavrin@fmglaw.com

L:\DOCS\5419\43835\PWS1430.DOC