IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | | |
|---|---|---|
| **Hartford Fire Insurance Company,** | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action |
| v. | ) ) | File No. 1:10-CV-3063-RLV |
| **Merritt & Tenney LLP, Merritt Watson LLP, James F. Tenney, Elaine Pelton and Dean Pelton,** | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT JAMES F. TENNEY'S REPLY
TO HARTFORD'S BRIEF IN OPPOSITION TO TENNEY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Defendant James F. Tenney ("Tenney"), and respectfully submits this Brief in Reply to Hartford's Brief in Opposition to Tenney's Motion for Partial Summary Judgment, showing the Court as follows.

### I. FACTS

Hartford does not refute Tenney's Statement of Material Facts numbered 1-4, 10-21, 23-26, 29-30, 33, 37. Hartford's objections as to the remaining material facts consist of general (and generally unsubstantiated) averments as to alleged incompleteness of the pleaded facts. Further, Hartford does not deny any one of Tenney's 38 statements of fact as

"inaccurate" except for Fact No. 5 -- wherein Hartford takes issue with the reference to Merritt & Tenney LLP as "Tenney's Law Firm" -- despite the fact that this specifically defined term was clearly ascribed to the law firm starting at Fact No. 1.

Importantly for the coverage determinations at hand, Hartford does not dispute that Tenney made demand upon Merritt & Tenney LLP that it defend and indemnify Tenney against the Pelton claims pursuant to the indemnity provisions of the Georgia Uniform Partnership Act and the Merritt & Tenney partnership agreement. (Tenney's Undisputed Fact No. 16; Hartford Response No. 16.)

Hartford promulgates additional facts that it contends are germane here. (Hartford's Additional Material Facts, Docket No. 24.) With the lone exception as to Hartford's Additional Fact No. 7, the entirety of Hartford's Additional Facts lack facts in evidence (material facts or otherwise), lack citation to evidence of record, and therefore must be disregarded. (*See*, Tenney's Response to Hartford's Additional Facts.)

## II.  ARGUMENT AND CITATION OF AUTHORITY

A. **The summary judgment standard.**

In insurance coverage cases, "[t]he burden is on the insurer to show that a loss or claim comes within an exception to coverage." *Loftin v. United*

*States Fire Ins. Co.*, 106 Ga. App. 287, 294; 127 S.E.2d 53 (1962). Hartford has not met this burden, and Tenney is entitled to the grant of summary judgment as to Counts I, II and III of his Counterclaim. The following subsections respond directly to Hartford's argument, in the order presented by Hartford.

B.  **"Tenney Is Not An Insured."**

This assertion by Hartford is not supported by the facts in evidence, and is patently incorrect on several levels. Tenney's Material Fact No. 25 states: "Tenney is a member of the partnership of Merritt & Tenney, and is therefore deemed an insured under the Policy with respect to the conduct of the firm's business," citing the Hartford Policy, Docket No. 1-3, p.12. Hartford disputes this material fact 'to the extent that Tenney may not presently be a member of Merritt & Tenney LLP," but Hartford goes on to state that it "does not dispute that Tenney was a partner when he placed the camera under Elaine Pelton's desk." In other words, Hartford is not disputing Tenney's Statement of Material Fact No. 25. Moreover, Hartford does not dispute that the Merritt & Tenney partners are insureds with respect to the conduct of the firm's business. (Tenney Statement of Material Fact No. 24; Hartford Response to Tenney Fact No. 24.)

3

Nonetheless, Hartford takes the position that Tenney's actions in placing the camera were "purely personal and outside the scope of Tenney's duties as a partner and M&T." (Hartford brief, Docket No. 23, p. 9.) Hartford deems this assertion as a statement of fact, yet does not cite to any evidence in support. In contrast, Tenney has averred by sworn affidavit that the camera was intended to monitor Pelton's time spent performing work at her desk. (Tenney Statement of Fact No. 12, citing to Tenney Affidavit, ¶ 8.)

Hartford does not dispute this statement of fact, but merely asserts a 'relevancy' objection in response. (Hartford Response to Tenney Fact No. 12.) Hartford's legal argument is that 'claims of sexual harassment or invasion of privacy are personal in nature and unrelated to the employee's duties even when they occur in the workplace." (Hartford brief, Docket No. 23, p. 8.) Hartford cites to the case of *Travis Pruitt & Assoc. P.C. v. Hooper*, 277 Ga.App. 1, 625 S.E.2d 445 (2005) in support of this argument. Hartford's reliance on this case is misplaced. The *Travis Pruitt* case involved allegations of sexual harassment ("numerous unwelcome sexual advances" by one employee toward the complaining employee), <u>not</u> allegations of invasion of privacy. 277 Ga.App. at 1-2. The Pelton Complaint alleges the converse.

The *Travis Pruitt* case provides that "[t]he clear rule in Georgia... is that an employer cannot, by ratification, assume liability for the tortious acts

4

of an employee done for purely personal reasons entirely disconnected from the employer's business." *Id.* at 4. Tenney avers the opposite – his actions were in furtherance of monitoring Pelton's work. Hartford wishes to ignore Tenney's factual assertion regarding the reason for the placement of the camera, but puts forth no evidence to refute this fact. Hartford would have the Court believe that Tenney is "reinterpreting" the facts of this matter when in reality Tenney is placing additional facts into evidence that must be considered when making determinations as to coverage. Under the facts and allegations at issue, Tenney is indeed an insured under Hartford's policy.

**C.     "No Coverage for 'Personal and Advertising Injury'".**

Hartford contends that there is no coverage under its insurance policy for Pelton's claims of invasion of privacy because Elaine Pelton "had no possessory interest in occupying her secretarial desk," and that neither Tenney nor Merritt & Tenney were the "owner, landlord or lessor of the office space that included Elaine Pelton's desk." (Hartford Statement of Additional Facts No. 2, 3; Docket No. 24.) Neither of these assertions of alleged fact are based upon the matters of record in this case, and therefore they cannot be considered as viable grounds upon which Hartford may deny coverage.

As briefed by Tenney, the Georgia courts broadly construe invasion of privacy claims. *Nationwide Mutual Fire Insurance Co. v. Somers*, 264

Ga.App. 421, 591 S.E.2d 430 (2003) (the allegations regarding gravesite desecration were covered by the insurance policy's personal injury coverage, particularly the coverage afforded for claims of invasion of privacy). Hartford suggests that the *Somers* case can be distinguished because "a grave site... is a piece of land that can be purchased and owned." (Hartford brief, Docket No. 23, p. 11.) Ownership of the grave site was not considered by the *Somers* court when it decided that desecration came within the coverage afforded under the invasion of privacy provision. Furthermore, Georgia law is well-settled that one's interest in a burial plot does not consist of title to the soil, but rather an easement or license for the use of the plot. *Walker v. Georgia Power Co.,* 177 Ga.App. 493, 496; 339 S.E.2d 728 (1986). "[O]ne who owns or has an interest in a cemetery for burial purposes "does not acquire any title to the soil, but only an easement or license for the use intended." *Id.*

In the matter before this Court, Pelton alleges that Tenney's placement of the camera under her desk constituted an invasion of her privacy, and that she suffered damages, including mental anguish, as a result. (*See* Complaint, Underlying Action, ¶ 61; Docket No. 1-1, pp. 14-15.) Hartford cannot refute these plain assertions, and these assertions trigger coverage. Hartford is obligated to provide Tenney with a defense to claims of invasion of privacy. Hartford is in breach of its insurance policy by its refusal.

Hartford's reliance upon the *Auto Owners Ins. Co. v. Robinson* case is misplaced. In that matter, a biracial couple alleged that they were deprived of the opportunity to buy property based upon the racial prejudices of the seller of the property. The district court held that the prospective buyers merely held a potential right of future occupancy, rendering the subject coverage part inapplicable. *Auto Owners Ins. Co. v. Robinson,* 2006 WL 2583356 (M.D.Ga. 2006) (coverage exists when someone alleges interference with *present* occupancy, not *future* occupancy). In this matter, it is undisputed that Elaine Pelton "had sat at the same desk for her entire career." (Pelton Complaint, ¶6; Docket No. 1-1, pp. 4-5.)

As a second prong to this argument, Hartford submits that Tenney "would not be insured because... the law deems that harassment claims are not part of a person's employment." (Hartford brief, Docket No. 23, p. 12.) As previously briefed, the Peltons do not assert claims for sexual harassment.

As a third prong to its argument, Hartford submits that Tenney's act of placing the camera under Pelton's desk "would be expected to inflict injury," and citing to the policy's exclusion for coverage for offenses committed with the expectation of inflicting injury. (Hartford brief, Docket No. 23, p. 12.) There is no evidence before the Court that Tenney expected or intended to cause injury.

As a fourth prong, Hartford cites to the policy's exclusion for 'employment related practices.' (Hartford brief, Docket No. 23, p. 12-13.) A plain reading of this exclusion indicates that it applies to workplace practices that are not alleged by Pelton: "coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at the person." *Id.*

Hartford has not met its burden in proving that Pelton's claims against Tenney come within an exception to its policy's coverage, and Tenney is entitled to summary judgment.

**D.    "Tenney's Indemnity Argument Does Not Create Coverage."**

Hartford contends that (1) Tenney has no rights on the policy as a claimant, that (2) Tenney's indemnity claim is not covered, and that (3) Tenney is not entitled to a defense as an indemnitee. Hartford avers that "Tenney has not asserted an indemnity claim in the underlying lawsuit but has simply asked M&T to indemnify him for the Peltons' claims, purportedly based upon his interpretation of Georgia law." (Hartford brief, Docket No. 23, p. 13-14.) To the contrary, Tenney has demonstrated, and Hartford does not refute, that Tenney has made demand upon his law firm for a defense and indemnity to the Pelton claims. Hartford cannot refute that under the Georgia Uniform Partnership Act, a partnership must indemnify every

partner against liability incurred by the partner in the course of the partnership's business.  O.C.G.A. §14-8-18(2). The M&T partnership agreement, which came into effect before the Act, is silent on this issue. (Tenney Affidavit, Exhibit "A").  Georgia common law at the time of the inception of the partnership agreement provided that partners of a partnership are jointly and severally liable for the acts of their partners. *Boykin v. Bohler*, 163 Ga. 807; 137 S.E. 45 (1927).  When M&T elected to be governed by the Act, it did not amend the partnership agreement.  (Tenney Affidavit, ¶ 5).  As a result, M&T and its partners are bound by both the Act and by common law partnership law.  The cases relied upon by Hartford are inapposite – in those cases the claims asserted by one partner against his partners were for contribution, not indemnity.  *St. Paul Fire Ins. Co. v. MAG Mutual Ins. Co.*, 209 Ga.App. 184, 433 S.E.2d 112 (1993); *Flynn v. Reaves*, 135 Ga.App. 651, 218 S.E.2d 661 (1975).  Hartford's insurance policy indeed covers Tenney via the indemnity obligations of his law firm.

Hartford's policy affords coverage to Tenney for liabilities assumed by M&T through an 'insured contract'.  "Insured contract" is defined to include the following:

> f. That part of any other contract or agreement pertaining to your business...under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided

> the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

(Docket No. 1-3, p. 23.) The *agreement* under which M&T assumes the liability of Tenney is promulgated by Georgia common law, and by the Act. Under both the Act and common law, the partnership of M&T agrees to defend and indemnify Tenney for the Pelton claims, thus triggering the Hartford policy's 'insured contract' coverage. Tenney is deemed to be an 'additional insured' under the Hartford insurance policy via the policy's insured contract coverage. (Hartford Policy, "Who is an Insured" Section C.6.f.; Docket No. 1-3, p.15). Separate and apart from all the other obligations Hartford has to Tenney as a partner of the named insured (his law firm), Hartford additionally owes Tenney a defense <u>as an additional insured</u> under this provision of its policy.

### E.     Tenney quotes (but does not argue) bodily injury coverage.

In his motion, Tenney demonstrates by specific reference to the facts and record that he is entitled to a defense under the Hartford policy for the Pelton claims, under a variety of Hartford's coverage parts. Hartford, via footnote, suggests that Tenney may not be pursuing coverage under the 'bodily injury' provisions of the Hartford policy. That is not so. As briefed by Tenney in response to Hartford's Motion for Judgment on the Pleadings (and

well-argued by Merritt & Tenney in response to Hartford's companion motion), the allegations of Pelton's complaint relating to 'bodily injury' are indeed covered by the Hartford policy.  For sake of brevity, those arguments are incorporated herein by reference.

### III.  CONCLUSION

Hartford's insurance policy provides coverage for the claims asserted against Tenney in the Pelton lawsuit.  Hartford breached its contract by denying coverage to Tenney and by refusing to defend Tenney.  To recap, Tenney respectfully requests that this Court grant his Motion for Partial Summary Judgment and provide the following relief:

1. As to Count I of Tenney's Counterclaim for Declaratory Relief, a Declaration that the Hartford Policy provides coverage to Tenney, to include the specific duty to defend Tenney against the claims asserted against Tenney in the Underlying Action;

2. As to Count II of Tenney's Counterclaim for Specific Performance, that Hartford has a specific duty to perform its contractual obligations pursuant to the Policy, to include the specific duty to defend Tenney against the claims asserted against Tenney in the Underlying Action;

3. As to Count III of Tenney's Counterclaim for Breach of Contract, that Hartford is in breach of contract by its wrongful denial of coverage to Tenney for the claims asserted against Tenney in the Underlying Action, and that as a result of Hartford's breach it is liable to Tenney for his damages flowing directly and consequentially therefrom, to include:

   (a) the cost and expense of defending the Underlying Action, and;

   (b) the cost and expense in pursuing these claims against Hartford so as to cause Hartford to perform per the terms of the Policy.

Respectfully submitted, this 5th day of January, 2011.

**MASON BAHR LLP**
/s/ Kevin J. Bahr
Kevin J. Bahr, Esq.
Georgia Bar No. 031555
Two Ravinia Drive, Suite 610
Atlanta, GA  30346
Telephone: (770) 399-6450
kjbahr@masonlawfirm.net

Anthony L. Cochran, Esq.
**CHILIVIS COCHRAN LARKINS & BEVER, LLP**
3127 Maple Drive, N.E.
Atlanta, GA 30305
Telephone:  (404) 233-4171
alc@cclblaw.com

*COUNSEL FOR JAMES F. TENNEY*

## Local Rule 7.1D Font Certification

I certify that this Brief has been prepared using Century Schoolbook font, type size 13 point, in accordance with LR 5.1C.  Citations to portions of the Hartford insurance policy at issue have been rendered in Arial 12 point font for ease of reference.

**MASON BAHR LLP**

/s/ Kevin J. Bahr
Kevin J. Bahr, Esq.
Georgia Bar No. 031555

Two Ravinia Drive, Suite 610
Atlanta, GA  30346
Telephone: (770) 399-6450
kjbahr@masonlawfirm.net

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | | |
|---|---|---|
| **Hartford Fire Insurance Company,** | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action |
| v. | ) ) | File No. 1:10-CV-3063-RLV |
| **Merritt & Tenney LLP, et al.,** | ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I certify that ***Defendant James F. Tenney's Reply to Hartford's Brief in Opposition to Tenney's Motion for Partial Summary Judgment*** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the Parties via their counsel of record listed below, on this 5th day of January, 2011.

Allen L. Broughton, Esq.
ALLEN L. BROUGHTON, P.C.
305 West Wieuca Road, N.E.
Atlanta, GA  30342

Richard L. Robbins, Esq.
ROBBINSFREED LLC
999 Peachtree Street, N.E., Suite 1120
Atlanta, GA  30309

Philip W. Savrin, Esq.
FREEMAN, MATHIS & GARY LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA  30339

14

**MASON BAHR LLP**

/s/ Kevin J. Bahr
Kevin J. Bahr, Esq.
Georgia Bar No. 031555

Two Ravinia Drive, Suite 610
Atlanta, GA  30346
Telephone: (770) 399-6450
kjbahr@masonlawfirm.net

15