## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **HARTFORD FIRE INSURANCE COMPANY,** ) ) ) | |
| **Plaintiff,** ) ) | |
| ) | **CIVIL ACTION FILE NO.:** |
| v. ) | **1:10-CV-3063-RLV** |
| ) ) | |
| **MERRITT & TENNEY, LLP;** ) **MERRITT WATSON, LLP;** ) **JAMES F. TENNEY; ELAINE** ) **PELTON and DEAN PELTON,** ) ) | |
| **Defendants.** ) | |

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS AS TO JAMES F. TENNEY

Plaintiff Hartford Fire Insurance Company ("Hartford") files this reply brief in support of its motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) as to the absence of coverage for claims asserted against Defendant James F. Tenney in a lawsuit filed by Defendants Elaine Pelton and Dean Pelton.

### PROCEDURAL HISTORY

In its opening brief, Hartford showed that the claims asserted against Tenney are not covered under the terms of the policy because (1) Tenney is insured for conduct of Merritt & Tenney, LLP ("M&T") only; (2) the claims do not fall within

the grants of coverage for bodily injury or personal injury; and (3) the claims are not covered under a number of exclusions in the policy.  In his response, Tenney contends that the complaint alleges physical injuries that meet the definition of "bodily injury," he placed the camera as part of his employment-related duties (and thus is an "insured"), and exclusions for expected or intended injuries and for employment-related practices do not apply.  He further states that he is entitled to coverage as an indemnitee of M&T.  Tenney fails to contest that the allegations do not meet the requirement of an "occurrence" or the definition of "personal injury;" or that Dean Pelton's consortium claims are not covered by the policy.  None of Tenney's responses could lead to a duty to defend or indemnify him.

## ARGUMENT AND CITATION OF AUTHORITY

"Insurance in Georgia is a matter of contract and the parties are bound by its plain and unambiguous terms."  Michna v. Blue Cross & Blue Shield of Georgia, Inc., 288 Ga. App. 112, 113, 653 S.E.2d 377, 379 (2007).  "[T]he court's job is simply to apply the terms of the contract as written, regardless of whether doing so benefits the carrier or the insured.  Reed v. Auto-Owners Ins. Co., 284 Ga. 286, 287, 667 S.E.2d 90, 92 (2008).  Policy interpretation is a legal issue well-suited for adjudication by motion.  Michna, 288 Ga. App. at 114, 653 S.E.2d at 379.

### A.     Tenney is Not an Insured

2

As explained in Hartford's opening brief, Tenney is not an insured under the policy for except for conduct as a partner of M&T. Based on the allegations of the complaint, Tenney placed the camera in order to spy on Elaine's body. These allegations are personal in nature and not connected to the business of the law firm. Because no business purpose is alleged by the plaintiffs, the complaint does not give rise to a duty to defend Tenney as an insured under the policy.

In his response, Tenney contends he intended to monitor Elaine's performance as his employee even if he was misguided. He contends his intentions constitute extrinsic evidence which create a duty to defend. (Response Brief, p. 11). Tenney is mistaken because his statement about his intent does alter that the allegations of the complaint. If anything, the defenses to coverage (including the employment-related exclusions discussed below) would be strengthened if his conduct related to Ms. Pelton as an employee. Either way, the claims against Tenney fall outside the provisions of the policy.

### B. No Coverage for Bodily Injury

#### 1. Tenney's Intent: No "Occurrence" and Subject to Exclusion

While Tenney argues that he did not intend to injure Elaine Pelton, he does not dispute that he intended to place the spy camera under her. (Response Brief, p. 11). The intentional act of placing the camera – which is described in the

allegations of the complaint *and which Tenney has admitted* – by itself takes the allegations of Tenney's conduct outside the provisions of the policy.

**No "Occurrence."** Hartford's policy requires that the bodily injury was caused by an "occurrence," defined as an accident. Georgia law defines "accident" in an insurance policy as "an unexpected happening rather than one occurring through intention or design." Custom Planning & Dev. Co. v. American Nat'l Fire Ins. Co., 270 Ga. App. 8, 9-10, 606 S.E.2d 39 (2004). "In other words, where an act is intentional, it does not constitute an 'accident' under the terms of . . . insurance policies." Forster v. State Farm Fire & Cas. Co., 2010 WL 4751714, *2 (Ga. App. Nov. 24, 2010).

Here, the Peltons contend (and Tenney admits) that he intentionally placed the spy camera under her desk. Whether he placed it there for employment-related reasons (as Tenney contends) or in an attempt to injure Ms. Pelton (Complaint, ¶ 30), his conduct was intentional and not accidental. Given that unambiguous fact, Tenney cannot show that the "occurrence" definition is met. See Georgia Farm Bur. Mut. Ins. Co. v. Hall County, 262 Ga. App. 810, 812, 586 S.E.2d 715, 717 (2003) ("the [insured] . . . has the burden of proving a claim falls within the coverage of the policy.") Absent an "occurrence," there is no coverage for Tenney even if bodily injury occurred.

**The "Expected or Intended" Exclusion.**  In his response, Tenney contends that the exclusion for expected or intended injuries cannot apply because his state of mind is "pure conjecture not supported by the record."  (Response Brief, p. 9). The exclusion applies, however, "if the insured acts with "the intent or expectation of causing any injury, however slight."  Stein v. Massachusetts Bay Ins. Co., 172 Ga. App. 811, 813, 324 S.E.2d 510 (1985) (emphasis in original) (citation omitted).  Here, the Peltons allege that "Defendant Tenney's actions in this matter were an illegal attempt to commit a physical injury upon Defendant Elaine Pelton." (Complaint, Exhibit B, ¶ 30).  Even if Tenney disputes having that intent, he admits that he intended to spy on Elaine, which is the injury for which she seeks redress.  As such, the exclusion for expected or intended injuries applies.

2. No Physical Injury is Shown

Even if an "occurrence" were alleged, there is no allegation of "bodily injury," which requires a physical impact.  See generally Presidential Hotel v. Canal Ins. Co., 188 Ga. App. 609, 611, 373 S.E.2d 671 (1988).  Tenney admits this principle but contends the standard is satisfied by the Peltons' allegation that Tenney's actions constituted an "unlawful touching."  In their complaint, the Peltons allege that Tenney made "an illegal attempt to commit a physical injury upon Defendant [sic] Elaine Pelton."  (Complaint, Exhibit B, ¶ 30).  The Peltons

5

reach this conclusion by positing that placing the camera under the desk "was an unlawful touching of Plaintiff Elaine Pelton's person." (Id., ¶ 32). Based on that premise, the Peltons then contend that there was a "[p]hysical impact on Plaintiff Elaine Pelton." (Id., ¶ 34).

An insurer's duty to defend, however, is based on the **facts** alleged in the complaint, not interpretations of those facts. Shafe v. American States Ins. Co., 288 Ga. App. 315, 318-19, 653 S.E.2d 870, 874 (2007). In that respect, Ms. Pelton alleges she discovered the camera when she "heard an object fall on her Dictaphone foot pad." (Complaint, Exhibit B, ¶ 30). Her complaint then details how she took possession of the camera and had it examined by her husband. Nowhere in the complaint is any factual description of the camera, or anything else, touching or causing physical injury to Ms. Pelton. Considering all of the alleged facts to be true, there was no physical impact upon her body notwithstanding the conclusory phrase, "unlawful touching," in the complaint. Furthermore, Ms. Pelton seeks damages for emotional distress and not for physical injuries. (Id., ¶¶ 37, 44, 46, 59). Based on the **facts** alleged in the complaint,

therefore, there is no claim for damages because of bodily injury as required by the policy.[1]

### 3. The Employment-Related Practices Exclusion Bars Coverage For "Bodily Injury"

As Hartford has shown, the Employment-Related Practices Exclusion bars coverage for "bodily injury" or "personal and advertising injury" to a person arising out of "Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at the person." (Complaint, ¶ 22 & Exhibit E, at § B(1)(r)(1)(c)). This exclusion applies explicitly to the "spouse" of anyone who sustained the excluded injury. (Id., § B(1)(r)(2)). Consequently, even if the claims against Tenney are not personal but instead related to employment, coverage would be excluded.

In his response, Tenney contends that he placed the spy camera under Elaine's desk to monitor her performance as an employee. Even assuming Tenney's contention is treated as a fact (as Tenney argues it must be), Tenney tries

---

[1] Tenney does not address Dean Pelton's loss of consortium claim which is clearly beyond the scope of bodily injury coverage. Bartlett v. American Alliance Ins. Co., 206 Ga. App. 252, 827, 424 S.E.2d 825 (1993) ("[a] loss of consortium claim is based not upon injury to the body of the claimant but instead solely upon the claimant's property right arising out of the marriage relationship to the love, companionship, and conjugal affection of the spouse.").

to avoid the employment-related practices exclusion because the words in the exclusion are not mimicked in the Peltons' complaint.  But the factual allegations in the Peltons' complaint include conduct and claims squarely within the exclusion – including assertions that Elaine "felt violated as a result of the discovery" of the camera and repeatedly seeks to recover for "mental pain, suffering and anguish." (Complaint, Exhibit B, ¶¶ 26, 37, 44, 46, 59).

      Viewed in this proper perspective, the complaint need not use the precise words of the exclusion for the claims to fall within the excluded terms.  Ms. Pelton's allegation that she felt "violated" when she discovered the spy camera communicates the same meaning as the terms "harassment" and "humiliation" that are indicated in the exclusion.  To hold otherwise would make a mockery of the policy construction process as crafty litigators could use synonyms to avoid unambiguous policy exclusions.  As the Supreme Court of Georgia has decreed, "we will not strain to extend coverage where none was contracted or intended." Jefferson Ins. Co. of New York. v. Dunn, 269 Ga. 213, 216, 496 S.E.2d 696, 699 (1998).  Accordingly, if this Court finds that the claims against Tenney are employment-related (as opposed to personal), coverage would be precluded by the Employment-Related Practices Exclusion, which extends by its express terms to the spouse's loss of consortium claim as well.

### C.     No Coverage for "Personal and Advertising Injury"

In its opening brief, Hartford showed that there could be no coverage for the offense of "discrimination or humiliation" under the "personal and advertising injury" provisions for a number of reasons, including the exclusions for expected or intended injury; for discrimination or humiliation committed by a partner; and for employment-related practices. (Hartford Brief, pp. 18-20). In his response, Tenney claims generally that coverage is afforded for "volitional conduct. . . arising from 'offenses' such as false arrest, malicious prosecution, wrongful eviction, slander, invasion of privacy, infringement, discrimination, humiliation, etc." (Response Brief, p. 8). Beyond the general argument that a covered "personal injury" is not subject to the "occurrence" requirement – a conclusion which Hartford does not dispute and has never argued – Tenney does not substantively describe how any of the allegations in the Peltons' complaint constitute an enumerated personal injury offense. Hartford incorporates its arguments from its other briefs that the personal injury offense definitions are not triggered and that several exclusions that would bar coverage in any event.

### D.     No Coverage as an Indemnity Claimant

Tenney's final argument is that he is entitled to indemnity from the law firm under Georgia statutory law, O.C.G.A. 14-8-18(2) and the M&T partnership

9

agreement. He contends that because "those matters of record are outside the pleadings, a motion for judgment on the pleadings is inappropriate." (Response Brief, p. 12). As described more fully at pages 13 to 19 of Hartford's brief in opposition to Tenney's motion for partial summary judgment, Tenney misconstrues the facts and misapplies the insurance concepts. Among other significant issues, even if Tenney is entitled to indemnity by the law firms, then Tenney is in the position of being a claimant seeking damages from Hartford's insureds. As Hartford has previously explained, claimants cannot sue liability insurers for coverage. Richards v. State Farm Mut. Auto. Ins. Co., 252 Ga. App. 45, 46-47, 555 S.E.2d 506, 508 (2001). Essentially, Tenney seeks a ruling that Hartford owes coverage for his yet-to-be asserted indemnity crossclaim against the law firms. As a claimant seeking indemnity, however, he has no right of action on the policy. This flaw in Tenney's theory turns on a matter of law ripe for disposition at the procedural stage of a motion for judgment on the pleadings, and is not dependent on any factual interpretation.

Lastly, the "insured contract" exception cited by Tenney cannot apply unless the claim is (1) within the insuring agreement; and (2) subject to the contractual liability exclusion that contains the exception. Scottsdale Ins. Co. v. Great Am. Assur. Co., 271 Ga. App. 695, 610 S.E.2d 558 (2005). As shown in Hartford's

various briefs, the liability claims do not fall within the insuring agreement; moreover, Hartford does not rely upon the contractual liability exclusion that contains the "insured contract" exception. In addition, the indemnity obligation cited by Tenney is statutory and not contractual such that it would not fall within the policy provision in any event.

### III.  CONCLUSION

Tenney seeks coverage for his claims arising from his admitted placement of a surveillance camera under his former secretary's desk. Because the claims are not covered by the policy's provisions, Hartford's motion for judgment on the pleadings should be granted.

Respectfully Submitted,

**FREEMAN MATHIS & GARY, LLP**


/s/ Philip W. Savrin_____
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

Attorney for Plaintiff Hartford Fire Insurance Company

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: 770-818-0000
F: 770-937-9960
L:\DOCS\5419\43835\00001947.DOC

## CERTIFICATE OF FONT SIZE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14 point type face.

**FREEMAN MATHIS & GARY, LLP**

\s\ Philip W. Savrin_____
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com


Attorneys for Hartford Fire Insurance Company

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T – 770.818.0000
F – 770.937.9960

## CERTIFICATE OF SERVICE

I have this day served the foregoing **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS AS TO JAMES F. TENNEY** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first class, postage prepaid, a paper copy of the same document to counsel of record who are non-CM/ECF participants as follows:

| | |
|---|---|
| Kevin J. Bahr, Esq.<br>MASON BAHR LLP<br>Two Ravinia Drive, Suite 610<br>Atlanta, GA  30346 | Richard L. Robbins, Esq.<br>ROBBINS FREED LLC<br>999 Peachtree Street, N.E.,<br>Suite 1120<br>Atlanta, GA  30309 |
| Anthony L. Cochran, Esq.<br>CHILIVIS COCHRAN LARKINS<br>& BEVER, LLP<br>3127 Maple Drive, N.E.<br>Atlanta, GA 30305 | Allen L. Broughton, Esq.<br>ALLEN L. BROUGHTON, P.C.<br>305 West Wieuca Road, N.E.<br>Atlanta, GA  30342 |

This 20th day of January, 2010.

*s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)