FILED IN CHAMBERS
U.S.D.C. Rome

APR 08 2011

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HARTFORD FIRE INSURANCE COMPANY,

Plaintiff,

v.

MERRITT & TENNEY, LLP, MERRITT & WATSON, LLP, JAMES F. TENNEY, ELAINE PELTON, and DEAN PELTON,

Defendants.

CIVIL ACTION

NO. 1:10-CV-3063-RLV

O R D E R

In this declaratory judgment action, the plaintiff seeks a determination that it does not owe either coverage or a duty to defend any of the claims asserted against Merritt & Tenney, LLP, Merritt Watson, LLP, and James F. Tenney in the underlying liability case filed by Elaine Pelton and Dean Pelton ("the Peltons").[1] This matter comes before the court on Mr. Tenney's motion for summary judgment [Doc. No. 17].

[1] There is a dispute in the record regarding whether Merritt & Tenney, LLP and Merritt Watson, LLP are the same entity with different names or whether they are separate entities. Merritt & Tenney, LLP and Merritt Watson, LLP argue that these entities are the same entity with different names, while the plaintiff has argued that they are separate entities. However, it is undisputed that Merritt Watson, LLP was formed after Mr. Tenney left his prior law firm.

## I. Facts Relevant to Mr. Tenney's Motion for Summary Judgment

In their state court complaint, Mrs. Pelton and her husband sued Mr. Tenney, Merritt & Tenney, LLP, and Merritt Watson, LLP alleging that Mr. Tenney, who is an attorney and former partner of Merritt & Tenney, LLP, placed a spy camera under Mrs. Pelton's desk with the intent to record her genitalia.

On May 10, 2010, Mrs. Pelton, who was a legal secretary at the law firm of Merritt & Tenney, LLP, discovered the spy camera under her desk. After discovering the camera, Mrs. Pelton promptly informed the other female employees of Merritt & Tenney, LLP as well as the partners of the firm about her discovery of the camera via email. Thereafter, Mrs. Pelton left work with the camera. At home, Mrs. Pelton viewed the contents of the spy camera. According to Mrs. Pelton, the video shows Mr. Tenney placing the camera under her desk and positioning the camera to aim directly up her skirt and at her genitalia. In response to Mrs. Pelton's email and subsequent threat of legal action, Merritt & Tenney, LLP partner Lex Watson denied that anyone at his firm was involved in the placement of the camera.

In July 2010, the Peltons sued Mr. Tenney, Merritt & Tenney, LLP, and Merritt Watson, LLP. in State Court of Cobb County, *Pelton*

*v. Tenney*, Civil Action No. 10-A-7442-5. The Peltons allege the placement of the spy camera was an "illegal attempt to commit a physical injury upon Defendant Elaine Pelton." Specifically, the Peltons allege Mr. Tenney placed the camera under Mrs. Pelton's desk and aimed it at her genitalia. In his pleadings, Mr. Tenney admits he placed the camera under Mrs. Pelton's desk, but he argues it was placed there to supervise her telephone usage and to determine whether she was doing her job properly during the day.

In their complaint, the Peltons allege Mr. Tenney's placement of the camera constituted "an unlawful touching of Plaintiff Elaine Pelton's person." Furthermore, according to the complaint, this unlawful touching is a "physical injury and is actionable" and that this touching has caused her "mental stress and anguish." The Peltons seek damages and argue that the defendants are liable both "directly, as well as under theories of respondeat superior and agency principles." Additionally, the Peltons seek to recover against the law firms for negligently and wrongfully hiring, training, retaining, and supervising Mr. Tenney. Lastly, Mr. Pelton asserts a claim for loss of consortium.

The plaintiff issued Merritt & Tenney, LLP an insurance policy for the period July 1, 2009, to July 1, 2010. [2] In the policy, Merritt & Tenney was named as the "insured" and Merritt & Tenney was denoted in the policy's declarations as a "partnership." Coverage is extended to the partners of Merritt & Tenney, LLP as follows:

> C. WHO IS AN INSURED
>
> 1. If you are designated in the Declarations as:
>
> b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

Thus according to policy, Merritt & Tenney LLP's partners are insureds but only with respect to the conduct of their business. It is undisputed Mr. Tenney was a partner of Merritt & Tenney LLP, when he placed the camera under Mrs. Pelton's desk.

Under the policy, each insured is treated separately for purposes of coverage by the plaintiff, by way of its separation of insureds provision:

> 5. Separation of Insureds

---

[2] It is undisputed that this policy is issued in Georgia and this policy issued to Merritt & Tenney, LLP was in force and effect at all times relevant to the Peltons' lawsuit.

> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this policy to the first Named Insured, this insurance applies:
>
> (b) Separately to each insured against whom a claim is made or "suit" is brought.

The business liability coverage provides coverage for "bodily injury," "property damage," and for "personal and advertising injury." "Bodily injury" is defined as:

> 5. "Bodily injury" means physical:
>
> a. Injury;
>
> b. Sickness; or
>
> c. Disease
>
> Sustained by a person and, if arising out of the above, mental anguish or death at any time.

(Complaint, ¶ 20 & Exhibit E, at § G(5)).

To be covered by the policy, the "bodily injury" must be caused by an "occurrence" defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Complaint, ¶ 20 & Exhibit E, at §§ A(1)(b)(1)(a), G(16)). "Personal and advertising injury" must result from an "offense" committed during the policy period.

Coverage for "bodily injury" and "personal and advertising injury" are limited by certain policy exclusions. Specifically, the policy contains an employment-related practices exclusion that

bars coverage for "bodily injury" or "personal and advertising injury" to a person arising out of "Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at the person." (Complaint, ¶ 22 & Exhibit E, at § B(1)(r)(1)(c)). This exclusion applies explicitly to the "spouse" of anyone who sustained the excluded injury. (Complaint, ¶ 22 & Exhibit E, at § B(1)(r)(2)).

After being served with the Peltons' complaint, a claim was tendered by Merrritt & Tenney, LLP to the plaintiff for a defense under the business insurance policy. In addition, Mr. Tenney made a demand upon Merritt & Tenney, LLP that the law firm defend and indemnify him against the Peltons' claims, pursuant to the indemnity provisions of the Georgia Uniform Partnership Act. Thereafter, Merritt & Tenney, LLP forwarded Mr. Tenney's demand to the plaintiff. The plaintiff agreed to defend Merritt & Tenney, LLP in the Peltons' underlying action subject to a reservation of rights. Thereafter, the plaintiff denied coverage to Mr. Tenney, and denied any obligations flowing to Mr. Tenney relating to his tender to Merritt & Tenney, LLP.

In its complaint in this action, the plaintiff sought a declaratory judgment regarding its duty to defend and cover Mr.

Tenney, Merritt & Tenney, LLP, and Merritt Watson, LLP. In response to the plaintiff's complaint, Mr. Tenney filed a three count counterclaim. In Count I of the counterclaim, Mr. Tenney requests a declaratory judgment regarding the plaintiff's duty to defend and cover the Peltons' claims. In Count II of the counterclaim, Mr. Tenney requests that this court require the plaintiff to defend him against the Peltons' complaint. In Count III of his counterclaim, Mr. Tenney states the plaintiff breached the insurance policy by failing to defend and cover the Peltons' claims.

In addition to arguing that he is entitled to a defense and coverage under the policy's substantive coverage provisions, Mr. Tenney also contends Merritt & Tenney, LLP must indemnify him under Georgia law and that such indemnification is covered under the policy. Specifically, Mr. Tenney cites the provision entitled, "Coverage Extension-Supplementary Payments." Under this provision, the plaintiff agreed to defend an indemnitee of the insured if certain conditions were met, which include:

> (1) The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract;"

(2) This insurance applies to such liability assumed by the insured;

(3) The obligation to defend, or the cost of the defense of, that indemnitee, has been assumed by the insured in ths same "insurance contract;"

(4) The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interest of the indemnitee;

(5) The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his or her on which he or she bears the ultimate burden of proof. Id. at 322-23. Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the

pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322.

III. Legal Analysis

In a March 24, 2011, order, this court concluded the plaintiff had no duty to defend the Peltons' complaint. The court now turns to Mr. Tenney's motion for summary judgment, which addresses related issues.

In his motion, Mr. Tenney argues he is an "insured" as that term is defended under the policy. Furthermore, Mr. Tenney argues that the plaintiff has a duty to defend him for any covered claims brought by the Peltons. Additionally, Mr. Tenney argues the policy provides coverage for Mr. Tenney as an indemnitee of Merritt & Tenney, LLP. Lastly, Mr. Tenney argues that the exclusions to coverage relied upon by the plaintiff do not preempt the plaintiff's duty to defend him. On this point, Mr. Tenney argues the policy provides coverage for claims of invasion of privacy and

that none of the policy exclusions cover the negligence claims brought by the Peltons.[3]

In response, the plaintiff argues that Mr. Tenney is not an "insured" under the terms of the policy. Additionally, the plaintiff argues the Peltons' claim for an "invasion of the right of private occupancy" fails as a matter of Georgia law and as such it has no duty to defend that claim. According to the plaintiff, the fact that Mrs. Pelton's lacks a possessory interest in her work desk defeats her claim for "invasion of the right to private occupancy" under Georgia law. Alternatively, the plaintiff argues that even if the court were to assume Mrs. Pelton had a possessory interest in her desk, such a claim would not be covered because several policy exclusions apply. On this point, the plaintiff argues that the policy excludes coverage for "bodily or personal injuries" to an employee of Merritt & Tenney, LLP or caused by employment-related practices. With regard to Mr. Tenney's arguments related to indemnity, the plaintiff argues that even if Mr. Tenney had some coverage under the indemnity provisions policy,

[3] In his motion, Mr. Tenney states the Peltons' complaint contains both intentional torts and claims based on negligence. According to Mr. Tenney, the Peltons' claims and allegations based on negligence are not subject to the exclusions relied upon by the plaintiff.

the Peltons' claims against Mr. Tenney lie outside the substantive provisions of coverage. In particular, the plaintiff argues that without substantive coverage for the liability claims, there could be no coverage for a derivative indemnity claim.

For purposes of evaluating Mr. Tenney's motion for summary judgment, the court concludes that Mr. Tenney is an "insured" as that term is defined by the policy. It is disputed that Mr. Tenney was a partner of Merritt & Tenney at the time of the events giving rise to the Peltons' suit. Additionally, Mr. Tenney has repeatedly argued that he placed the spy camera under Mrs. Pelton's desk to monitor her work-place activities and not for his own personal purposes. Under these facts Mr. Tenney was an "insured."

While the court concludes that Mr. Tenney is an "insured" under the policy, the court rejects Mr. Tenney's arguments related to whether the Peltons' claim for "personal and advertising injury" is covered under the policy. As stated above, the policy covers "personal and advertising injury" that results from certain enumerated "offenses" committed during the relevant period.

In his motion, Mr. Tenney contends that the following offense applies:

> wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or

premises that the person occupies, committed by or on behalf of its owner, landlord or lessor.

However, Mrs. Pelton has not alleged a legal enforceable right to occupy her secretarial desk.[4] This court must look to the allegations contained in the Peltons' complaint rather than the characterization of those allegations by an alleged insured, when deciding whether an insurer has a duty to defend and cover claims.

Alternatively, even if this court were to assume that Mrs. Pelton alleged a claim for invasion of privacy under Georgia law and that such a claim would survive under Georgia law, such a claim would be subject to one of the exclusions contained in the policy. Specifically, the policy excludes coverage for "employment related practices." As stated above, Mr. Tenney has argued that he placed

---

[4] In his motion, Mr. Tenney cites Nationwide Mutual Fire Insurance Co. v. Somers, 264 Ga. App. 421 (2003), for the proposition that the plaintiff owed him a duty to defend the Peltons' invasion of privacy claim. As the court stated above, the court need not reach whether the Peltons' invasion of privacy claim should be defended or covered by the plaintiff for a simple reason, i.e., the Peltons have not alleged such a claim in their complaint.

However even if the court were to consider an invasion of privacy claim, the facts of Somers are distinguishable from the facts of this case. In Somers, the plaintiff alleged that a cemetery had breached the perpetual care contract by failing to maintain her son's gravesite and allowing the gravesite to be desecrated. Unlike a gravesite, which is a piece of land that can be purchased and owned, Mrs. Pelton did not have an ownership interest in her desk.

the spy camera under Mrs. Tenney's desk to supervise her work-related activities. However, the policy bars coverage for "bodily injury" or "personal and advertising injury" to a person arising out of "Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, disciple, defamation, harassment, humiliation or discrimination directed at the person." This exclusion applies explicitly to the "spouse" of anyone who sustained the excluded injury.

As stated above, Mr. Tenney has vigorously maintained that he placed the spy camera for some work-related purpose and not for some personal reason. In his statement of undisputed facts, Mr. Tenney stated that "he intended for the electronic camera device to monitor the conversations and activity of Mrs. Pelton for purposes of determining her time spent performing work at her desk." But, he now argues that the work-related exclusion does not apply. Mr. Tenney's position is contradictory and he cannot have it both ways. He cannot argue that his actions had a work-related purpose for one purpose, i.e., to determine whether he is an "insured" under the policy, and another purpose when this court must determine whether a policy exclusion applies. Simply put, Mr. Tenney's own position is that he placed the camera to monitor Mrs. Pelton's "time spent performing work at her desk" supports a finding that his conduct

was related to Mrs. Pelton's employment. Therefore, Mr. Tenney's own position regarding his motivation and purpose for placing the spy camera under Mrs. Pelton's desk triggers the policy's workplace exclusion relied upon by the plaintiff.[5]

With regard to Mr. Tenney's argument that the employment related exclusion does not bar coverage and defense for Pelton's negligence claims, the court concludes that the work-related exclusion is broad enough to encompasses the Peltons' negligent claims as well. Again, the court relies upon Mr. Tenney's own position. As stated above, Mr. Tenney has repeatedly argued that he placed the camera under Mrs. Pelton's desk for a work-related purpose. Given Mr. Tenney's own position throughout this litigation, the court concludes that the work-place exclusion is broad enough to encompass the Peltons' negligence claims as well. Because the Peltons' claims are excluded from coverage based on the work-related exclusion, Mr. Tenney is not entitled to summary judgment on any of his counterclaims.

---

[5] As stated above, Mr. Tenney's position that he placed the camera under Mrs. Pelton's desk for a work-related purpose establishes that he is an "insured" under the policy. If Mr. Tenney placed the camera under Mrs. Pelton's desk for some reason not related to work he would not be covered as an "insured."

With regard to Mr. Tenney's argument that the plaintiff breached one or more of the indemnity clauses contained in the insurance policy, the court concludes that even if the court were to assume Mr. Tenney had or has an indemnity claim against Merritt & Tenney, LLP, he has no such claim against the plaintiff in that capacity. On March 24, 2011, this court issued an order holding that the plaintiff did not owe Mr. Tenney, Merritt & Tenney, LLP, and Merritt Watson, a duty to defend the Peltons' claims. Without substantive coverage for the Peltons' liability claims, there can be no derivative indemnity claim against the plaintiff here.

In his motion, Mr. Tenney relies upon the "indemnitee" provisions contained in the insurance policy under which the plaintiff agrees to defend an indemnitee of an insured if the plaintiff is defending the insured and specified conditions are met. However, the specified conditions contained in that provision have not been satisfied here. As stated above, the court has decided in its March 24, 2011, order that the plaintiff does not owe Merritt & Tenney, LLP, Merritt Watson, LLP, or Mr. Tenney a duty to defend. Moreover, the law firms of Merritt & Tenney LLP and Merritt Watson, LLP have not assumed Mr. Tenney's liability. Furthermore, Mr. Tenney has not demonstrated he is being indemnified by the law firms for the Peltons' claims. Because Mr.

Tenney has failed to satisfy all of the conditions necessary, no defense is owed Mr. Tenney under the "indemnitee" provision of the policy. Therefore, Mr. Tenney is not entitled to summary judgment on his counterclaim based on breach of the insurance policy's "indemnitee" provision.

IV. Conclusion

For the above reasons, Mr. Tenney's motion for summary judgment [Doc. No. 17] is DENIED.

SO ORDERED, this 8th day of April, 2011.

Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge